**Cage WAVELL, Appellant,**

v.

**Aubrey ROBERTS, Appellee.**

**No. 13–90–361–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 18, 1991.

Rehearing Overruled Oct. 31, 1991.

Cage Wavell, pro se.

William F. Seerden, Kemper Stephen Williams, III, Cullen, Carsner, Seerden & Cullen, Victoria, for appellee.

Before NYE, C.J., and HINOJOSA and BENAVIDES, JJ.

## OPINION

HINOJOSA, Justice.

Appellant, Cage Wavell, brings this appeal to challenge the trial court's granting of summary judgment in favor of appellee, Aubrey Roberts. We affirm.

This suit, and others, arose out of a November 2, 1981, assault of Cage Wavell, a Corpus Christi attorney, and subsequent events. The facts set forth in the summary judgment evidence detailing the events leading up to the assault are incomplete; however, it appears that Wavell and Margaret Covington, both attorneys, were romantically involved. When Covington had a child, Wavell denied paternity. In revenge for this and other acts, Covington allegedly contacted two criminals, and asked them to shoot Wavell or to plant illegal drugs in his vehicle.

These events formed the basis of a number of lawsuits, including Covington's paternity suit against Wavell; a state criminal action filed against Covington; a federal criminal action against Covington; a civil action by Wavell against a local newspaper for reporting the story; and finally, civil actions against Covington and many others for damages caused by the assault and subsequent events. During the federal criminal trial, the evidence showed that Covington attempted to hire a second "hit man" to kill Wavell or to plant drugs in his possession to decrease his credibility or to eliminate him as a witness.

The instant litigation concerns Aubrey Roberts. He met and married Covington without knowing the extent and nature of her involvement with Wavell. He subsequently represented her in the federal criminal proceeding, in which she pleaded guilty.

Wavell filed suit against Roberts and others claiming they were negligent, or part of a conspiracy to harm him. All other parties were dismissed, settled, or granted summary judgment. Roberts is the only remaining defendant. Wavell alleged in his petition that Roberts committed acts in connection with his representation of Covington in the federal criminal trial which caused him injury. The trial court granted summary judgment in favor of Roberts, and now Wavell appeals by two points of error.

Appellee argues in its motion for summary judgment that the pleadings are insufficient to support any cause of action,[1] and that the attached summary judgment evidence negates all causes of action alleged against Roberts. Appellee's summary judgment evidence includes affidavits and deposition excerpts by Roberts, and an affidavit by Darrell Barger.

Appellant, in his motion in opposition to summary judgment, argues that appellee's summary judgment evidence is insufficient to establish that he is entitled to a judgment as a matter of law because it was contradicted, *see* TEX.R.CIV.P. 166a(c), and that appellant's "controverting" summary judgment evidence establishes a dispute concerning certain material facts. The controverting summary judgment evidence attached to appellant's motion in opposition to summary judgment includes an affidavit by appellant, and the depositions of Roberts and Douglas Beard.

 The standards for reviewing a motion for summary judgment are well established:

In reviewing a summary judgment record, this Court must determine whether a disputed fact issue exists that would preclude a summary judgment. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867

(Tex.1984). Every reasonable inference must be indulged in favor of the nonmovants and any doubt resolved in their favor. *Id.* The question on appeal is not whether the summary judgment proof raises a fact issue with reference to essential elements of plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

*Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). Here, the judgment does not state the grounds on which the trial court relied. Thus, we must affirm if the court properly granted the motion any reason. *See Martinez v. Teachers Credit Union*, 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

 We first address whether judgment was properly granted on the grounds that the summary judgment evidence established appellee's right to judgment as a matter of law. We find the evidence established appellee's right to judgment.

Wavell's principal argument is that Roberts was part of a civil conspiracy to injure him. The elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful or overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). He also alleges in his petition that Roberts negligently caused him injuries.

Appellee's affidavit attached to his motion for summary judgment evidence clearly, positively, and directly denied all of the factual allegations made in appellant's petition.[2] Appellee's deposition, which was

---

**1.** Appellee assigned special exceptions against the pleadings. The special exceptions were granted and appellant attempted to state a cause of action four times. Thus, failure to state a cause of action could be a valid basis for summary judgment. *See Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex.1974).

**2.** We are aware of decisions from other courts holding that statements by co-conspirators deny-

ing the existence of an agreement are not readily controvertible as required by TEX.R.CIV.P. 166a(c). *See Christensen v. Sherwood Ins. Servs.*, 758 S.W.2d 801, 804 (Tex.App.—Texarkana 1988, writ denied). However, this rule does not apply here because the summary judgment evidence established that Roberts did not commit an overt act in furtherance of the alleged conspiracy, and no damages were estab-

part of appellant's summary judgment evidence, corroborated this affidavit. In the deposition, he repeatedly stated that he was not involved in any conspiracy to harm Wavell, that he never caused him any injury, that he committed no overt act in furtherance of the conspiracy, and that Wavell suffered no damages as a result of his actions. *See Massey*, 652 S.W.2d at 934.

Beard's deposition also indicated that Roberts was not involved in any conspiracy. He stated that in the course of his investigation, he heard Covington state that she discussed with Henry Brennen (a different investigator) the possibility of having Wavell shot a second time in order to keep his testimony out of her federal trial. However, he also stated that there was no agreement to have Wavell shot, and that Roberts committed no overt act in connection with the alleged conspiracy.

Significantly, Beard's deposition testimony also indicated that Wavell was not shot during or after the federal criminal trial, and no drugs were planted in his possession. Covington pleaded guilty the day after Beard received the information. Thus, even if there was an agreement between Covington and another party to have Wavell shot a second time, no overt act was committed by Roberts, and Wavell suffered no injury. Under these circumstances, Wavell has no cause of action for civil conspiracy or negligence against Roberts.

Appellant argues that appellee's summary judgment evidence was not sufficient to establish his right to judgment as a matter of law because it was contradicted by other summary judgment evidence. *See* TEX.R.CIV.P. 166a(c). This argument, however, ignores the fact that the uncontroverted summary judgment evidence established that Roberts did not commit an overt act to further the conspiracy, if any. In addition, Wavell suffered no injuries caused by the alleged conspiracy. Therefore no cause of action for conspiracy against him could exist.

■ We also note that appellant's action against Roberts for negligence arising out

of Robert's representation of Covington was properly dismissed. An attorney owes no duty of care to nonclients. *Dickey v. Jansen*, 731 S.W.2d 581, 582 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Berry v. Dodson, Nunley & Taylor P.C.*, 717 S.W.2d 716, 718 (Tex.App.—San Antonio 1986, writ dism'd by agr.); *Graham v. Turcotte*, 628 S.W.2d 182, 184 (Tex.App.—Corpus Christi 1982, no writ). This case presents no exception.

We find that under the facts of this case, appellee carried his burden of establishing his right to judgment as a matter of law.

■ We next address whether appellee's controverting summary judgment evidence raised a fact issue. *See Trapnell v. John Hogan Interests, Inc.*, 809 S.W.2d 606, 611 (Tex.App.—Corpus Christi 1991, no writ). Wavell principally relies on a personal affidavit in which he testifies as an "expert." In this affidavit, he states that he has personal knowledge that fact issues exist in the case. However, we find the affidavit defective because it is primarily composed of conclusory statements and lacks the factual predicate required of such affidavits. *See Mercer v. Daoran Corp.* 676 S.W.2d 580, 583 (Tex.1984); *Sherard v. Smith*, 778 S.W.2d 546, 549 (Tex.App.—Corpus Christi 1989, writ denied); *Dieter v. Baker Serv. Tools*, 776 S.W.2d 781, 783 (Tex.App.—Corpus Christi 1989, writ denied). Moreover, the few factual statements made in the affidavit fail to controvert the fact that no damages were caused by Roberts' alleged actions.

After reviewing the other summary judgment evidence in its entirety, we find that no issue of fact exists. The purpose of a summary judgment proceeding is to eliminate claims that are patently unmeritorious. *Wavell v. Caller–Times Pub. Co.*, 809 S.W.2d 633, 635 (Tex.App.—Corpus Christi 1991, no writ). We hold that the trial court acted properly in granting the summary judgment. Appellant's first point of error is overruled.

■ In Appellant's second and final point of error he argues that the trial court

lished. Thus, this rule is no bar to the summary judgment in this case.

erred in failing to grant a continuance so more discovery could occur. We disagree.

Appellant did not establish by affidavit why he needed further discovery to prove his cause of action. *See* TEX.R.CIV.P. 166a(g). Thus, it was within the trial court's discretion to grant or deny the continuance. *Larson v. H.E. Butt Grocery Co.*, 769 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1989, writ denied). We overrule point two.

The trial court's judgment is AFFIRMED.

BENAVIDES, J., not participating.