Florentino **VILLACANA,**
et al., Appellants,

v.

Scot **CAMPBELL, et al., Appellees.**

No. 13–94–332–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 15, 1996.

Rehearing Overruled Sept. 19, 1996.

*Ransom v. State,* 503 S.W.2d 810 (Tex.Crim.App. 1974).

Israel Ramon, Jr., Ramon & Cantu, McAllen, San Juanita Reyna Campos, Law Offices of Ezequiel Reyna, Weslaco, for Appellants.

Ricardo Morado, Roerig, Oliveira & Fisher, Brownsville, Ben A. Donnell, Clay E.

Coalson, Caroline L. Bertuzzi, Meredith, Donnell & Abernethy, Corpus Christi, Thomas Clayton Hollis, Brownsville, for Appellees.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

On the evening of November 28, 1991, Don Campbell and Anthony Fadely were riding in Campbell's truck drinking alcoholic beverages. When they came upon a car parked in an area located a few miles north of Raymondville, Fadely and Campbell shot and killed the car's occupants, Pedro Villacaña and Vina Dawn Chapa, with a .22 caliber rifle. Fadely owned and provided the weapon. Both men are currently serving life sentences for the murders. At the time of the murders, Don Campbell had already reached majority age but was living with his parents on their ranch outside Raymondville.

Appellants (the parents of Pedro Villacaña and Vina Dawn Chapa) sued Fadely's parents,[1] Campbell's parents, and Campbell's brother and sister. Appellants alleged that Don Campbell's parents were negligent 1) in failing to control their adult child and 2) in entrusting their adult child with a firearm. Appellants claimed that Don was a dependent child and as such enjoyed a special relationship with his parents. Appellants alleged that Don's parents negligently failed to control their son even though they were aware 1) that he was a threat to society because of his violent nature and 2) that he was prone to abusive consumption of alcohol. Appellants alleged that despite this knowledge, Don's parents allowed him to leave their home after providing him with alcohol and a vehicle. In addition, appellants alleged that Don's parents were negligent in failing to alert authorities of Don's dangerous propensities, specifically the way he was on the night of November 28, 1991. These negligent acts, according to appellants, were the proximate cause of the murders.

Appellants also alleged that Don's brother and sister entered into a civil conspiracy with their parents to impede the investigation of the murders by destroying evidence. Appellants claimed that appellees, Don's parents and siblings, tampered with and/or fabricated physical evidence while knowing that an investigation into the murders was pending or in progress. Appellants also claimed that these actions were intentionally committed in order to impair or affect the outcome of the official investigation into the murders.

Appellees moved for summary judgment, and the trial court granted the motion. By five points of error, appellants contend that the trial court erred in granting appellees' motion for summary judgment. We affirm.

By their fifth point of error, appellants contend that the trial court erred in granting summary judgment against their civil conspiracy claim because genuine issues of material fact exist.

■■■ When a defendant moves for summary judgment on several theories and the trial court enters summary judgment without specifying the ground relied upon, we affirm the summary judgment if any one of the theories advanced is meritorious. *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied). The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled his initial burden 1) to establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action, or 2) to establish his affirmative defense to the plaintiff's cause of action as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex. 1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon,* 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* Once the movant establishes an affirmative defense which would bar the suit as a matter

---

1. The causes of action against Fadely's parents are not part of this appeal.

of law, the non-movant must then produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied).

Appellees (the Campbells) attached their affidavits to the motion for summary judgment. Appellants contend that these four affidavits are affidavits of interested witnesses that fail to satisfy the stringent requirements of TEX.R. CIV. P. 166a. Appellants, however, fail to show how the Campbells' affidavits are defective.

The summary judgment rule permits the granting of a summary judgment on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R. CIV. P. 166a(c); *Casso*, 776 S.W.2d at 558. The language "could have been readily controverted" means that the testimony at issue is of a nature which can be effectively countered by opposing evidence. *Id.* If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate. *Id.* Summary judgment should not be granted when the cause of action depends on proof of facts not ordinarily subject to absolute verification or denial, *e.g.*, intent, reliance, reasonable care, or uncertainty. *Wofford v. Blomquist*, 865 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1993, writ denied). On the other hand, if the non-movant must come forth with independent evidence to prevail, then summary judgment may well be proper in the absence of such controverting proof. *Casso*, 776 S.W.2d at 558.

The elements of civil conspiracy are:

1) two or more persons;

2) an object to be accomplished;

3) a meeting of minds on the object or course of action;

4) one or more unlawful or overt acts; and

5) damages as a proximate result.

*Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983); *Wavell v. Roberts*, 818 S.W.2d 462, 464 (Tex.App.—Corpus Christi 1991, writ denied). The element of "agreement" or "meeting of minds" generally may not be disproven as a matter of law merely by the denial statements of an interested party. *Castañeda v. Texas Dep't of Agric.*, 831 S.W.2d 501, 505 (Tex.App.—Corpus Christi 1992, writ denied). However, statements denying the commission of an unlawful overt act are statements of fact and are readily controvertible. *Wavell*, 818 S.W.2d at 464; *Nautical Landings Marina v. First Nat'l Bank in Port Lavaca*, 791 S.W.2d 293, 300 (Tex.App.—Corpus Christi 1990, writ denied).

The Campbells swore in their affidavits: 1) that they were not aware of the police investigation before Don surrendered to the authorities; 2) that after Don surrendered, they fully cooperated with the investigation; 3) that they did not take any action to impede the investigation; 4) that they did not attempt to destroy any physical evidence; and 5) that there was no agreement to impede the investigation or destroy any evidence. We conclude that the Campbells' affidavits are clear and positive and direct denials of the commission of overt acts. The affidavits are free from contradictions and inconsistencies, and except for the denial of an agreement, could have been readily controverted by the appellants. *See* TEX.R. CIV. P. 166a(c); *Castañeda*, 831 S.W.2d at 505.

In order to avoid summary judgment, appellants had to produce competent evidence that the Campbells committed overt acts to impede the police investigation. The record reflects that appellants attached the affidavit of their attorney, David Calvillo, to their response to the motion for summary judgment. The affidavit states as follows:

BEFORE ME, the undersigned authority, on this day personally appeared DAVID N. CALVILLO who by me being duly sworn on oath, deposes and says:

1.

I am over the age of 21, am of sound mind, I have never been convicted of a

crime involving moral turpitude, and am competent to make this affidavit and to attest to the facts contained herein. I have personal knowledge of the facts contained herein as a result of my personal involvement in the facts and circumstances discussed herein.

2.

Attached as Exhibits [sic] 1 are true and correct photocopies of the transcript of the videotaped statement of Kevin Campbell taken on December 10, 1991 together with the Court Reporters [sic] Certificate.

3.

Attached as Exhibit 2 are true and correct photocopies of the transcript of the videotaped statement of Anthony W. Fadely, II taken August 26, 1993 together with the Court Reporter's Certificate.

Appellants rely on Calvillo's affidavit to authenticate the statements of Kevin Campbell (Don's brother) and Anthony Fadely. Appellants contend that the statements of Kevin Campbell and Anthony Fadely support their civil conspiracy claims. The Campbells, on the other hand, contend that appellants' evidence is not competent.

■■■ Rule 166a(f) provides that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show that the affiant is competent to testify to matters stated therein." TEX.R. CIV. P. 166a(f). An affidavit must affirmatively show how the affiant became personally familiar with the facts so as to be able to testify as a witness, and a self-serving recitation of such does not satisfy the requirement. *Carr v. Hertz Corp.,* 737 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1987, no writ).

According to the affidavit, Calvillo had "personal knowledge of the facts contained herein as a result of my personal involvement in the facts and circumstances discussed herein." The facts presented in the affidavit are the transcripts of the unsigned and unsworn videotaped statements of Kevin Campbell and Anthony Fadely. The affidavit, however, fails to show how Calvillo was

personally involved with the statements. Because the affidavit only says that the attached exhibits "are true and correct photocopies of the transcript[s] of the videotaped statement[s]," we conclude that Calvillo could only testify that the videotaped statements and photocopies of transcripts were made.

We note that Calvillo's affidavit also refers to the "Court Reporter's Certificate[s]" attached to the statements. The certificate attached to Kevin Campbell's statement provides as follows:

I, Jan M. Coldren, a Certified Shorthand Reporter in and for the State of Texas, hereby state the following:

That the statement of Kevin Justin Campbell, was taken by Mr. Eutimio Gutierrez, Jr., Investigator for [sic] District Attorney's Office, Willacy County, Texas, on 12/10/91 in the Law Library of the Willacy County Courthouse, Raymondville, Texas. This statement was not taken in the present [sic] of a certified shorthand reporter, but was videotaped by Mr. Gutierrez.

That the videotaped statement was typed by an employee of Encore Reporting & Litigation Records, under my direction and control, and was returned to Mr. David Calvillo the 15th day of October, 1993.

The certificate attached to Anthony Fadely's statement provides as follows:

I, Jan M. Coldren, a Certified Shorthand Reporter in and for the State of Texas, hereby state the following:

That the statement of Anthony Wayne Fadely, II was taken by Mr. David Calvillo on 8/26/93 at the Beto I prison unit. This statement was not taken in the present [sic] of a certified shorthand reporter, but was videotaped by Mr. Omar Cura, an employee of the office of Mr. David Calvillo.

That the videotaped statement was typed by an employee of Encore Reporting & Litigation Records, under my direction and control, and was returned to Mr. David Calvillo the 26th day of October, 1993.

The court reporter's certificates clearly show that the statements were not taken before a certified shorthand reporter. After reviewing Kevin Campbell's and Anthony Fadely's statements, we find that the statements were neither signed nor taken under oath. We also find that Calvillo was not present during Kevin Campbell's statement and could have no personal knowledge of that event.

We hold that Calvillo's affidavit and its attachments are not competent summary judgment evidence because Calvillo failed to provide facts verifying his personal knowledge, and his testimony regarding the contents of the transcripts would be hearsay.

Because appellants failed to produce any evidence concerning the Campbells' overt acts to impede the investigation, we hold that appellees' summary judgment evidence was uncontroverted and that the trial court properly granted summary judgment against appellants' civil conspiracy claims. We overrule appellants' fifth point of error.

By their third and fourth points of error, appellants contend that the trial court erred in granting summary judgment against their negligence causes of action because genuine issues of material fact exist.

Appellants alleged that Don was a dependent child and as such enjoyed a special relationship with his parents. Appellants claimed that Don's parents negligently failed to control their son even though they were aware 1) that he was a threat to society because of his violent nature and 2) that he was prone to abusive consumption of alcohol. Appellants alleged that despite this knowledge, the parents allowed Don to leave their home after providing him with alcohol and a vehicle. In addition, appellants alleged that Don's parents were negligent in failing to alert authorities of Don's dangerous propensities, specifically the way he was on the night of November 28, 1991. These negligent acts, according to appellants, were the proximate cause of the murders.

Appellees asserted in their motion for summary judgment that Don Campbell was an adult and that they had no liability for his criminal actions. Appellants, in response to the Campbells' request for admissions, admitted that Don Campbell was an adult.

Liability for negligence requires the existence of a legally cognizable duty. *Graff v. Beard*, 858 S.W.2d 918, 919–20 (Tex. 1993); *Wofford*, 865 S.W.2d at 614. The court decides whether a duty exists under the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Wofford*, 865 S.W.2d at 614. A court can, therefore, properly dispose of a negligence case by summary judgment if it finds no duty in the actor even assuming all facts alleged in the petition are true. *Wofford*, 865 S.W.2d at 614.

There is no general duty to control the conduct of third persons. *Greater Houston Transp. Co.*, 801 S.W.2d at 525; *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983); *Wofford*, 865 S.W.2d at 614. This rule applies even if the actor has the practical ability to control the third person. *Graff*, 858 S.W.2d at 919–20; *Wofford*, 865 S.W.2d at 614–15. The law creates exceptions to this rule when the actor and the third person have a special relationship which imposes a duty upon the actor to control the third person's conduct. *Greater Houston Transp. Co.*, 801 S.W.2d at 525; *Wofford*, 865 S.W.2d at 614. Included within these special relationships is that of parent/child. *Greater Houston Transp. Co.*, 801 S.W.2d at 525; *Wofford*, 865 S.W.2d at 614.

A child is a "person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes." TEX. FAM. CODE ANN. § 11.01(1) (repealed 1995) (recodified at § 101.003(a) (Vernon Supp.1996)). An adult is any other person. *Id.* (recodified at § 101.003(c)). No current Texas law imposes liability on a parent for the actions of an adult child. We hold that, as a matter of law, appellants have no cause of action for negligent control, and the trial court's grant of summary judgment was proper.

We now consider appellants' general negligence claims against Don's parents. A transcript of Anthony Fadely's plea hearing, which is attached to the Campbells' motion

for summary judgment, shows that Fadely owned and gave Don the .22 caliber rifle used to commit the murders. In addition, the affidavits of Don's parents show that neither of them owned the .22 caliber rifle used in the murders. Scot Campbell admitted that he owned a .22 caliber rifle, but said that it was broken at the time of the shootings. Although the parents knew that Don owned a .25/.35 caliber rifle, neither parent was aware that their son owned a .22 caliber rifle. According to Scot Campbell's affidavit, his rifle as well as the one owned by Don were in the Campbell home on the evening of the murders. Moreover, the parents denied storing the .22 caliber rifle used to commit the murders. In addition, Don Campbell was the owner of record and in control of the vehicle that he and Fadely used on the night of the murders.

The Campbells' affidavits also show that Don Campbell had not displayed a violent temper and that the parents had no knowledge of their son firing a gun at a person or any indication that he would do so. The parents further stated that they did not see Don after 3 p.m. on November 28, 1991, and that he was sober the last time they saw him. In addition, the parents' affidavits say that they did not serve Don any alcohol that day, and that alcohol is not available in their home.

After reviewing all of the summary judgment evidence, we find no competent evidence indicating that any action or omission by Don's parents was the proximate cause of the murders. We conclude that summary judgment was proper as to appellants' general negligence causes of action. Accordingly, we overrule appellants' third and fourth points of error.

▮ By their first and second points of error, appellants contend that the trial court erred in granting summary judgment against their causes of action brought under the wrongful death and survival statutes because these claims were not specifically addressed in appellee's motion for summary judgment.

▮ A movant for summary judgment must specifically set forth the grounds upon which he relies, and a summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983); *Wofford*, 865 S.W.2d at 614; *Mitre & Canseco v. Brooks Fashion Stores*, 840 S.W.2d 612, 616–17 (Tex. App.—Corpus Christi 1992, writ denied). Summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); *Wofford*, 865 S.W.2d at 614. For a trial court to properly enter a summary judgment for a defendant disposing of the entire case, the defendant must present summary judgment evidence on all theories pleaded by plaintiff. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

▮ Any cause of action that appellants may have under the wrongful death or survival statutes, however, is derivative of the decedents' rights. *See Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992); *Verdeur v. King Hospitality Corp.*, 872 S.W.2d 300, 301 (Tex.App.—Fort Worth 1994, writ denied). Wrongful death and survival causes of action cannot be maintained when the decedents could not have maintained causes of action for injuries had they survived. *See Russell*, 841 S.W.2d at 347; *Longoria v. United Blood Services*, 907 S.W.2d 605, 613 (Tex.App.—Corpus Christi 1995, writ granted). In other words, the statutes allow the appellants to bring the decedents' causes of action as their own. The statutes do not provide appellants with claims separate from those of the decedents. If the decedents' underlying causes of action fail to survive a motion for summary judgment then the derivative actions, being one and the same as the underlying claims, also fail.

Having found that the trial court properly granted summary judgment on the underlying claims, we hold that the wrongful death and survival claims were automatically disposed of. Accordingly, we overrule appellants' first and second points of error.

We affirm the trial court's summary judgment.