Elva WOFFORD, Individually and as Next Friend of her Minor Daughter, Monica Wofford and Stuart Wofford, Appellants,

v.

Rotha BLOMQUIST and Harry Blomquist, Appellees.

No. 13–92–546–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1993.

Rehearing Overruled Dec. 9, 1993.

Joh F. Dietze, Cuero, for appellants.

Robert F. Scheihing, Small, Craig & Werkenthin, San Antonio, for appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and KENNEDY, JJ.

### OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellants sued appellees for negligently purchasing an automobile for their granddaughter and for negligently entrusting an automobile to her. The trial court granted summary judgment for appellees and severed appellants' causes of action against other defendants. By a single point of error, appel-

lants complain that the trial court erred by granting appellees summary judgment in the face of pleadings alleging negligence.[1] We affirm the trial court's summary judgment.

Shelley Barrett, born in December 1969, was involved in four separate traffic accidents before she was involved in the collision made the basis of this appeal. She crashed appellees' Mercedes–Benz automobile on May 7, 1986 (causing the death of a passenger), flipped-over her mother's Suburban on February 17, 1987, rear-ended another vehicle on February 17, 1989 (while driving her pick-up truck and pulling a horse trailer), and struck another vehicle with the pick-up on April 8, 1989.

Appellees paid $8,000 toward the purchase price of the pick-up truck which was involved in the 1989 accidents. The pick-up was Shelley's "18th birthday and her graduation gift from high school," but it was registered in her mother's name. After the April 8, 1989, accident, Shelley's mother, Virginia Barrett, purchased another vehicle, "a white Chevrolet," with the money she received from the insurance company. In August, 1989, Virginia Barrett traded the white Chevrolet for a 1986 Ford pick-up, paying the difference with a $5,522 check provided by appellees for that purpose.

On February 15, 1990, Shelley Barrett drove the Ford pick-up into the rear of appellants' vehicle. Appellants filed suit on June 7, 1990, and amended their petition at least three times, eventually stating claims against Shelley Barrett, Virginia Barrett, Rotha and Harry Blomquist, American Protection Insurance Company, Ford Motor Company, and the Ford dealerships. Appellees answered on May 21, 1991, and filed special exceptions on August 29, 1991, contending that appellants failed to state a cause of action. Appellants filed their Fourth Amended Petition on November 1, 1991. Appellees subsequently moved for summary judgment, and on June 3, 1992, filed an

---

1. Appellants have not specifically attacked the grant of summary judgment on a negligent entrustment theory. Appellants have also not globally attacked the summary judgment. A global point of error would have presented the negligent entrustment theory for this Court to review.

*Malooly Bros. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). Finding neither a global point of error nor a point challenging the summary judgment on negligent entrustment, we will review the summary judgment only with respect to the general negligence cause of action.

amended motion. On July 17, 1992, the trial court heard the motion and signed an order granting summary judgment. The trial court also severed all causes of action against appellees. On August 11, 1992, the trial court signed a corrected order, stating that appellants voluntarily nonsuited claims of fraud against appellees.

■ A movant for summary judgment must specifically set forth the grounds upon which he relies, and a summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Mitre & Canseco v. Brooks Fashion Stores,* 840 S.W.2d 612, 616–17 (Tex.App.—Corpus Christi 1992, writ denied); *see Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). Summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979); *Roberts v. Southwest Tex. Methodist Hosp.,* 811 S.W.2d 141, 144 (Tex.App.—San Antonio 1991, writ denied); *Carlisle v. Phillip Morris, Inc.,* 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, no writ); *Dhillon v. General Accident Ins. Co.,* 789 S.W.2d 293, 295 (Tex.App.—Houston [14 Dist.] 1990, no writ). Consequently, we address appellant's points of error only in context of the issues we find were expressly presented to the trial court by appellees' motion for summary judgment and appellant's response.

■ In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.,* 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex. 1985).

Appellees contended in their motion for summary judgment that:

1) Texas law does not recognize the cause of action pleaded;

2) only owners are liable under a negligent entrustment theory;

3) economic necessity precludes holding any person who funds a purchase liable for the act of the person using the goods;

4) they owed no duty to the plaintiffs since they had no special relationship with Shelley Barrett and Texas law does not recognize a duty on the part of grandparents to make sure that their grandchildren act in a safe and prudent manner.

Appellants contend that the trial court erred by granting summary judgment in the face of pleadings of negligence and evidence that the accident was foreseeable.

■ Summary judgment should not be granted when the cause of action depends on proof of facts not ordinarily subject to absolute verification or denial, *e.g.,* intent, reliance, reasonable care, or uncertainty. *See Kolb v. TEIA,* 585 S.W.2d 870, 873 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.). However, liability for negligence requires the existence of a legally cognizable duty. *Graff v. Beard,* 858 S.W.2d 918, 919–20 (Tex.1993). The court decides whether a duty exists under the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). A court can therefore properly dispose of a negligence case by summary judgment if it finds no duty in the actor even assuming all facts alleged in the petition are true.

■ There is no general duty to control the conduct of third persons. *Id; Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983). The law creates exceptions to this rule when the actor and the third person have a special relationship which imposes a duty upon the actor to control the third person's conduct. *Greater Houston Transp. Co.,* 801 S.W.2d at 525. These relationships include employer/employee, parent/child, and, under some circumstances, contractor/contractee. *Id.* The rule that an actor has no duty to control the conduct of third persons applies even if the actor has the

practical ability to control the third persons. *Graff*, 858 S.W.2d at 919–20. Appellants argue that the accident was foreseeable. However, foreseeability is not the only requirement to establish a legal duty. The lack of a special relationship between appellees and their granddaughter prevents the imposition of tort liability on appellees for Shelley's acts, despite the fact that appellees had the practical ability to control Shelley's conduct by not giving her another vehicle with which she could hurt innocent people.

We hold that appellees had no general duty to control the conduct of Shelley Barrett. We overrule appellants' sole point of error.

We AFFIRM the trial court's summary judgment.