NO. 07-02-0256-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 14, 2003


______________________________



CAROLE DANIEL and STAN DANIEL
,




 Appellants


v.



CHERYL WEBB, 




 Appellee

_______________________________


 

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-513,596-A; HON. BLAIR CHERRY, PRESIDING


_______________________________



Opinion


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellants Carole Daniel and Stan Daniel (the Daniels) appeal from a take-nothing
summary judgment granted in favor of appellee Cheryl Webb (Webb) and an order
granting sanctions against them under Rule 13 of the Rules of Civil Procedure. In two
issues, the Daniels assert that the trial court erred 1) in granting summary judgment
because Webb had a duty to control the acts of her grandfather when she was in a position
to prevent him from injuring others and 2) in granting Webb's motion for sanctions. We
affirm the summary judgment and reverse the order imposing sanctions. 

Background


 Carole Daniel was injured in an automobile accident when Webb's 92-year-old
grandfather, Melvin Bray (Bray), attempted a left turn in front of Carole's vehicle. Bray's
wife Gladys was a passenger in the vehicle at the time of the accident. The investigating
officer filed a request for a driver's license examination of Bray with the Department of
Public Safety (DPS). Upon completion of the exam, the DPS reported that Bray passed
the written examination but failed the driving test. He also failed to return to take another
test. Thereafter, his license was suspended. (1) 

 The Daniels sued Bray, his wife Gladys, Bray's granddaughter Webb, John Does,
Jane Does, and Mid-Century Insurance Company of Texas. The claims against Gladys,
Webb, John Does, and Jane Does sounded in negligence. That is, they alleged Gladys,
Webb and the Does were negligent in allowing Bray to continue to operate his vehicle at
a time when they knew he was a danger to others. Webb filed an answer and
counterclaim against the Daniels and their counsel pursuant to Rule 13 of the Rules of Civil
Procedure, alleging that the lawsuit was groundless and brought for the purpose of
harassment. Webb also filed a traditional motion for summary judgment alleging she owed
no duty to the Daniels. The trial court granted the motion for summary judgment. In a
separate order, it also awarded sanctions against the Daniels and/or their attorney in the
amount of $1,000. The summary judgment and sanctions order were then severed from
the rest of the lawsuit and finalized. 

 Issue One - Summary Judgment

 The Daniels initially contend that the trial court erred in granting the summary
judgment because 1) "close relatives of . . . clearly incompetent [elderly] driver[s] have a
duty to take steps to prevent them from driving" and 2) "[f]act issues exist as to whether
Webb was negligent." We overrule the point for the following reasons.

 As to the purported existence of "fact issues," the Daniels do not specify in their brief
what those issues are. Nor are we directed to anything of record allegedly supporting the
existence of those unmentioned issues. They simply contend that they exist. It is not our
duty to sua sponte conceive of potential fact issues and then search the appellate record
for evidence supporting their existence. Yard v. Daimlerchrysler Corp., 44 S.W.3d 238,
243 (Tex. App.--Fort Worth 2001, no pet.) (wherein the court held that it was not required
to search the record, without guidance from the appellant, for evidence raising a material
fact issue or for possible trial court error). Rather, the duty to do that falls upon the party
complaining of the summary judgment. Because the Daniels failed to satisfy it, they
waived this aspect of their first issue. Id.

 As to the existence of an alleged duty to control elderly, incompetent drivers, the
Daniels cite us to no authority purporting to hold that close relatives of same have a duty
to prevent such drivers from driving simply because they are close relatives. Nor have we
found any such authority. Instead, they rely on §319 of the Restatement (Second) of Torts
and the Texas Supreme Court's decision in Otis Engineering Corp. v. Clark, 668 S.W.2d
307 (Tex. 1983) to support their proposition. (2) Yet, neither is applicable. As to the former,
and assuming arguendo that it has been adopted as the law in Texas, §319 contemplates
a situation wherein one "takes charge" of another. We are cited to no evidence of record
illustrating that Webb in any way took charge of or exercised control over her grandfather,
Bray. Nor does the evidence illustrating that she merely visited him on a weekly basis fill
the void. Thus, §319 cannot serve as basis for the argument proffered since one of its
elements has not been satisfied. 

 Nor is Otis Engineering of any value at bar. The Texas Supreme Court has
restricted its holding to situations involving a master/servant relationship. Van Horn v.
Chambers, 970 S.W.2d 542, 546 (Tex.), cert. denied, 525 U.S. 1019, 119 S.Ct. 546, 143
L.Ed.2d 454 (1998). We have been cited to no evidence suggesting, much less illustrating,
that such a relationship existed between Webb and her grandfather. Nor have we found
any. 

 Alternatively, and assuming arguendo that the Daniels cite Otis simply for the
proposition that the existence of a special relationship may cause a duty to arise, we note
the case of Wofford v. Blomquist, 865 S.W.2d 612 (Tex. App.--Corpus Christi 1993, writ
denied). In concluding that the grandparents had no duty to control their granddaughter's
operation of a motor vehicle, the Wofford court implicitly held that the requisite special
relationship does not arise simply from the familial bond of grandparent and grandchild. 
Id. at 615. Thus, there existed no special relationship between Webb and Bray simply
because they were granddaughter and grandparent, respectively.

 In short, it us not our duty to create law where none exists. In re Doe, 19 S.W.3d
346, 350 (Tex. 2000). So, because the Daniels have cited us to no authority imposing a
duty upon Webb to control her grandfather's driving simply because she is his
granddaughter and, because we know of no such authority, we conclude that the trial court
did not err in granting her summary judgment. 

Issue Two - Sanctions


 In the Daniels' second issue, they contend that the trial court erred because: 1)
[t]here was no showing to overcome the presumption of good faith"; 2) "[t]here was no
good cause for the Sanctions"; 3) "[t]he reason for good cause was not stated in the
Sanction Order"; and 4) [t]he Petition was not groundless and brought in bad faith or
groundless and brought for purpose of harassment." We sustain the issue.

 Rule 13 of the Rules of Civil Procedure provides: 

 The signatures of attorneys or parties constitute a certificate by them
that they have read the pleading, motion, or other paper; that to the best of
their knowledge, information, and belief formed after reasonable inquiry the
instrument is not groundless and brought in bad faith or groundless and
brought for the purpose of harassment. . . . If a pleading, motion or other
paper is signed in violation of this rule, the court, upon motion or upon its
own initiative, after notice and hearing, shall impose an appropriate sanction
available under Rule 215-2b, upon the person who signed it, a represented
party, or both.


Next, "groundless" means no basis in law or fact and not warranted by a good faith
argument for the extension, modification, or reversal of existing law. Tex. R. Civ. P. 13;
Appleton v. Appleton, 76 S.W.3d 78, 86 (Tex. App.--Houston [14th Dist.] 2002, no pet.). 
Furthermore, we must presume that pleadings, motions, and other papers are filed in good
faith. Tex. R. Civ. P. 13. Because of this, the burden lies with the party requesting
sanctions to satisfy the dictates of Rule 13. Karagounis v. Property Co. of America, 970
S.W.2d 761, 764 (Tex. App.--Amarillo 1998, pet. denied). In other words, it must establish
not only the frivolity of its opponent's claim but also the improper motives underlying the
decision to file the suit, motion, or document. Id. at 765; Tarrant County v. Chancey, 942
S.W.2d 151, 154-55 (Tex. App.--Fort Worth 1997, no writ). Finally, no sanctions may be
imposed except for good cause which cause must be stated in the sanction order. Id. at
155.

 Here, the trial court levied sanctions because it concluded that "the lawsuit filed
against . . . Webb [was] a frivolous lawsuit." That is not good cause for levying sanctions. 
As previously stated, it is not enough that the suit, motion or document be groundless or
frivolous. The party or counsel urging it must also file it in bad faith or for purposes of
harassment. So, in levying sanctions simply because the suit against Webb was frivolous,
the trial court abused its discretion. See Karagounis v. Property Co. of America, 970
S.W.2d at 764 (holding that we cannot interfere with the decision to grant or deny
sanctions unless we conclude that the trial court abused its discretion). 

 Accordingly, we reverse the trial court's order imposing sanctions against the
Daniels and/or their counsel and affirm the trial court's summary judgment. 

 Brian Quinn

 Justice

 
1. Bray died after the suit was filed. 
2. According to §319, "[o]ne who takes charge of a third person whom he knows or should know to be
likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the
third person to prevent him from doing such harm." Restatement (second) of Torts §319 (1965).