NO. 07-02-0256-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 14, 2003

_____

CAROLE DANIEL and STAN DANIEL,

Appellants

v.

CHERYL WEBB,

Appellee

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,596-A; HON. BLAIR CHERRY, PRESIDING

_____

*Opinion*

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellants Carole Daniel and Stan Daniel (the Daniels) appeal from a take-nothing summary judgment granted in favor of appellee Cheryl Webb (Webb) and an order granting sanctions against them under Rule 13 of the Rules of Civil Procedure. In two issues, the Daniels assert that the trial court erred 1) in granting summary judgment because Webb had a duty to control the acts of her grandfather when she was in a position

to prevent him from injuring others and 2) in granting Webb's motion for sanctions. We affirm the summary judgment and reverse the order imposing sanctions.

## *Background*

Carole Daniel was injured in an automobile accident when Webb's 92-year-old grandfather, Melvin Bray (Bray), attempted a left turn in front of Carole's vehicle. Bray's wife Gladys was a passenger in the vehicle at the time of the accident. The investigating officer filed a request for a driver's license examination of Bray with the Department of Public Safety (DPS). Upon completion of the exam, the DPS reported that Bray passed the written examination but failed the driving test. He also failed to return to take another test. Thereafter, his license was suspended.[1]

The Daniels sued Bray, his wife Gladys, Bray's granddaughter Webb, John Does, Jane Does, and Mid-Century Insurance Company of Texas. The claims against Gladys, Webb, John Does, and Jane Does sounded in negligence. That is, they alleged Gladys, Webb and the Does were negligent in allowing Bray to continue to operate his vehicle at a time when they knew he was a danger to others. Webb filed an answer and counterclaim against the Daniels and their counsel pursuant to Rule 13 of the Rules of Civil Procedure, alleging that the lawsuit was groundless and brought for the purpose of harassment. Webb also filed a traditional motion for summary judgment alleging she owed no duty to the Daniels. The trial court granted the motion for summary judgment. In a separate order, it also awarded sanctions against the Daniels and/or their attorney in the

---

[1] Bray died after the suit was filed.

2

amount of $1,000. The summary judgment and sanctions order were then severed from the rest of the lawsuit and finalized.

### Issue One - Summary Judgment

The Daniels initially contend that the trial court erred in granting the summary judgment because 1) "close relatives of . . . clearly incompetent [elderly] driver[s] have a duty to take steps to prevent them from driving" and 2) "[f]act issues exist as to whether Webb was negligent." We overrule the point for the following reasons.

As to the purported existence of "fact issues," the Daniels do not specify in their brief what those issues are. Nor are we directed to anything of record allegedly supporting the existence of those unmentioned issues. They simply contend that they exist. It is not our duty to *sua sponte* conceive of potential fact issues and then search the appellate record for evidence supporting their existence. *Yard v. Daimlerchrysler Corp.*, 44 S.W.3d 238, 243 (Tex. App.--Fort Worth 2001, no pet.) (wherein the court held that it was not required to search the record, without guidance from the appellant, for evidence raising a material fact issue or for possible trial court error). Rather, the duty to do that falls upon the party complaining of the summary judgment. Because the Daniels failed to satisfy it, they waived this aspect of their first issue. *Id.*

As to the existence of an alleged duty to control elderly, incompetent drivers, the Daniels cite us to no authority purporting to hold that close relatives of same have a duty to prevent such drivers from driving simply because they are close relatives. Nor have we found any such authority. Instead, they rely on §319 of the Restatement (Second) of Torts and the Texas Supreme Court's decision in *Otis Engineering Corp. v. Clark,* 668 S.W.2d

3

307 (Tex. 1983) to support their proposition.[2] Yet, neither is applicable. As to the former, and assuming *arguendo* that it has been adopted as the law in Texas, §319 contemplates a situation wherein one "takes charge" of another. We are cited to no evidence of record illustrating that Webb in any way took charge of or exercised control over her grandfather, Bray. Nor does the evidence illustrating that she merely visited him on a weekly basis fill the void. Thus, §319 cannot serve as basis for the argument proffered since one of its elements has not been satisfied.

Nor is *Otis Engineering* of any value at bar. The Texas Supreme Court has restricted its holding to situations involving a master/servant relationship. *Van Horn v. Chambers*, 970 S.W.2d 542, 546 (Tex.), *cert. denied,* 525 U.S. 1019, 119 S.Ct. 546, 143 L.Ed.2d 454 (1998). We have been cited to no evidence suggesting, much less illustrating, that such a relationship existed between Webb and her grandfather. Nor have we found any.

Alternatively, and assuming *arguendo* that the Daniels cite *Otis* simply for the proposition that the existence of a special relationship may cause a duty to arise, we note the case of *Wofford v. Blomquist,* 865 S.W.2d 612 (Tex. App.--Corpus Christi 1993, writ denied). In concluding that the grandparents had no duty to control their granddaughter's operation of a motor vehicle, the *Wofford* court implicitly held that the requisite special relationship does not arise simply from the familial bond of grandparent and grandchild.

---

[2] According to §319, "[o]ne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm." RESTATEMENT (SECOND) OF TORTS §319 (1965).

4

*Id.* at 615. Thus, there existed no special relationship between Webb and Bray simply because they were granddaughter and grandparent, respectively.

In short, it us not our duty to create law where none exists. *In re Doe*, 19 S.W.3d 346, 350 (Tex. 2000). So, because the Daniels have cited us to no authority imposing a duty upon Webb to control her grandfather's driving simply because she is his granddaughter and, because we know of no such authority, we conclude that the trial court did not err in granting her summary judgment.

### *Issue Two - Sanctions*

In the Daniels' second issue, they contend that the trial court erred because: 1) [t]here was no showing to overcome the presumption of good faith"; 2) "[t]here was no good cause for the Sanctions"; 3) "[t]he reason for good cause was not stated in the Sanction Order"; and 4) [t]he Petition was not groundless and brought in bad faith or groundless and brought for purpose of harassment." We sustain the issue.

Rule 13 of the Rules of Civil Procedure provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Next, "groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13; *Appleton v. Appleton,* 76 S.W.3d 78, 86 (Tex. App.--Houston [14th Dist.] 2002, no pet.).

Furthermore, we must presume that pleadings, motions, and other papers are filed in good faith. TEX. R. CIV. P. 13. Because of this, the burden lies with the party requesting sanctions to satisfy the dictates of Rule 13. *Karagounis v. Property Co. of America,* 970 S.W.2d 761, 764 (Tex. App.--Amarillo 1998, pet. denied). In other words, it must establish not only the frivolity of its opponent's claim *but also* the improper motives underlying the decision to file the suit, motion, or document. *Id.* at 765; *Tarrant County v. Chancey*, 942 S.W.2d 151, 154-55 (Tex. App.--Fort Worth 1997, no writ). Finally, no sanctions may be imposed except for good cause which cause must be stated in the sanction order. *Id.* at 155.

Here, the trial court levied sanctions because it concluded that "the lawsuit filed against . . . Webb [was] a frivolous lawsuit." That is not good cause for levying sanctions. As previously stated, it is not enough that the suit, motion or document be groundless or frivolous. The party or counsel urging it must also file it in bad faith or for purposes of harassment. So, in levying sanctions simply because the suit against Webb was frivolous, the trial court abused its discretion. *See Karagounis v. Property Co. of America,* 970 S.W.2d at 764 (holding that we cannot interfere with the decision to grant or deny sanctions unless we conclude that the trial court abused its discretion).

Accordingly, we reverse the trial court's order imposing sanctions against the Daniels and/or their counsel and affirm the trial court's summary judgment.

Brian Quinn
Justice