

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00426-CV

IN THE MATTER OF THE MARRIAGE OF JEFF DAVIS RAMPLEY
AND LAURA ANN RAMPLEY

On Appeal from the 110th District Court
Briscoe County, Texas
Trial Court No. 3462, Honorable William P. Smith, Presiding

November 16, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

J.D.R. (father), acting *pro* se, appealed from a final divorce decree. His sole issue concerns the absence from the decree of a provision restricting his ex-wife (L.A.R. or mother) from removing the children of the marriage further than 100 miles from Silverton, Texas. Both parents were designated joint managing conservators, while mother was granted authority to designate the children's primary residence without geographic limitation. Mother eventually obtained a new job and moved from Silverton to the Fort Worth area. The children went with her. Father asks us to modify the divorce decree by restricting their residence to within 100 miles of Silverton. We affirm for the following reasons.

First, father tendered his initial appellant's brief to this court on June 20, 2016. On June 22, 2016 we notified him via letter that the document "[did] not comply with the briefing requirements of Texas Rule of Appellate Procedure 38.1 as it [did] not contain references to the appellate record or citations to legal authorities. *See* TEX. R. APP. P. 38.1(g), (i)." So too was he informed that his "[f]ailure to file a corrected brief . . . will result in submission of Appellant's noncompliant brief . . . and may result in waiver of Appellant's arguments."

Within several weeks, father tendered another appellant's brief. It consisted of a general narrative of his complaints and again lacked references to any applicable legal authority. Nor did it contain citations to the appellate record, save for one general allusion to ". . . the Reporter Records Volume 1 through 3 cause no. 3462 . . . ." Volumes 1 through 3 constitute the entire Reporter's Record.

Needless to say, *pro se* litigants are obligated to comply with the Texas Rules of Appellate Procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Shelley v. Colorado Bd. Gov.*, No. 07-15-00410-CV, 2016 Tex. App. LEXIS 7688, at *2 n.2 (Tex. App.—Amarillo July 19, 2016, no pet.) (mem. op.). If this were not so then they would be afforded unfair advantage. *Mansfield State Bank v. Cohn*, 573 S.W.2d at 184-85. Furthermore, one of those rules requires an appellant to include within his brief appropriate citations to the record and legal authority. TEX. R. APP. P. 38.1(i). Failing to comply with that directive results in the waiver of the issue urged. *Shelley v. Colorado Bd. Gov.*, 2016 Tex. App. LEXIS 7688, at *1-2.

Because father's brief lacks reference to legal authority it fails to comply with Texas Rule of Appellate Procedure 38.1(i). A general citation to the entire reporter's

record fails to do so as well. The latter is nothing more than imposing upon us the task of searching for evidence to support the position urged; the duty to do that falls upon the appellant, as opposed to the reviewing court. *See Daniel v. Webb*, 110 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, no pet.) (recognizing, among other things, that a reviewing court has no duty to search the appellate record for evidence supporting issues and that the duty to find and cite the appellate court to pertinent evidence falls upon the appellant). Consequently, father did not correct the defects to which we previously alluded and, therefore, waived the argument he now posits.

Second, even if we were to ignore the requirements of Rule 38.1(i), we would have to overrule his complaint. This is so because of the pertinent standard of review, *i.e.* abused discretion, *In the Interest of R.A.W.*, No. 07-13-00316-CV, 2015 Tex. App. LEXIS 3039, at *3 (Tex. App.—Amarillo March 27, 2015, no pet.) (mem. op.) (stating that decisions regarding possession and custody are reviewed under the standard of abused discretion), and the limitations it imposes upon us. Under that standard, we are not free to simply substitute our decision for that of the trial court. *See id.* at *3-4 (stating that "[a]s long as some evidence of a substantive and probative character exists to support the trial court's judgment, an appellate court will not substitute its judgment for that of the trial court."). Rather, it must be affirmed so long as it is not arbitrary and otherwise comports with controlling rules and principles. *Id.* at *3. That we may wish to interpret the record in a different manner to reach a different result matters not. If the trial court's decision falls within the realm of a legitimate exercise of discretion, we must defer to it. And, the decision here falls within such a realm.

Next, a trial court need not specify a geographic limitation in a possession or custody order. TEX. FAM. CODE ANN. § 153.134(b)(1) (West 2014) (stating that the court may "specify that the conservator may determine the child's primary residence without regard to geographic location"). Whether to do that or not depends upon the best interests of the child. *See id.* § 153.002 (West 2014) (stating that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession and access to the child."). Furthermore, evidence that 1) the children have access to better schools due to the move to Fort Worth, 2) mother is able to financially support the children in ways she could not if required to remain in Silverton, 3) mother has increased wages in Fort Worth, 4) the children enjoy improved access to mother due to the hours of her new job, 5) the children are able to maintain a viable relationship with father and paternal grandparents despite the travel involved, 6) the children enjoy greater access to their maternal grandmother, and 7) father has engaged in aggressive physical behavior against mother prevents us from concluding that the trial court abused its discretion in refusing to restrict the children's residence to Silverton or within 100 miles of same.

No doubt the children will experience some loss arising from change and the increased distance from their father. No doubt there are beneficial experiences that children may gain from living in rural as opposed to urban areas. But we cannot simply reweigh the evidence and substitute our personal decision on what is best for the children for that of the trial court. Consequently, we overrule the sole issue before us and affirm the decree of divorce.

Per Curiam

4