**Opinion issued December 3, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00107-CV

———————————

**SANDRA DEWALT DENSON, ROBERT DENSON, AND SHELIA DEWALT BURSON, Appellants**

**V.**

**JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., RASHEAL FARRIS, MARY GREEN, AND AL RAMIREZ, Appellees**

———————————

### On Appeal from the 157th District Court
### Harris County, Texas
### Trial Court Case No. 2017-11346

———————————

## MEMORANDUM OPINION

Appellants, Sandra Dewalt Denson, Robert Denson, and Shelia Dewalt Burson (collectively, "Denson"), appeal the trial court's order granting summary judgment in favor of appellees, JPMorgan Chase Bank, N.A., JPMorgan Chase &

Co., Rasheal Farris, Mary Green, and Al Ramirez (collectively, "JPMorgan"), on Denson's claims of intentional infliction of emotional distress, breach of fiduciary duty, fraud, breach of contract, and violations of the Texas Constitution and federal statutory law. Denson contends that the trial court erred in granting summary judgment because she presented sufficient evidence to support each essential element of her claims. We affirm.

## Background

On January 13, 2017, Sandra Denson went to a JPMorgan bank branch to make a cash deposit of $730 into her account. Mary Green, a bank teller, assisted Denson in making the deposit. A $50 bill became temporarily stuck in the cash counting machine, causing Green to miscount the amount of the deposit as $680. Denson cursed at Green, calling her "stupid" and a "dumb bitch," told Green that she needed her "ass whipped," and suggested that Green needed to be retrained and that Green was "going to keep that $50 for lunch." The missing bill was discovered moments later, and Denson's account was immediately credited with the full deposit amount of $730. Farris, Green's supervisor, asked another bank employee to assist Denson with the remainder of her transaction.

In light of the January 13, 2017 incident and previous documented incidents during which Denson verbally abused branch employees, the bank decided to end

its relationship with Denson and close her accounts.[1]   The Deposit Account Agreement ("DAA"), the contract that governs Denson's accounts with JPMorgan, permitted the closure ("Either you or we may close your account (other than a CD), at any time for any reason or no reason without prior notice.").  On January 13, 2017, the bank sent cashier's checks for the full amount of each account and notices of account closure—along with a no-trespass letter prepared by Al Ramirez, an employee in the bank's Global Security & Investigations Group—to Denson via UPS Next Day Air.

On January 14, 2017, before she had received the UPS package, Denson returned to the bank branch with her husband after discovering that the accounts showed a $0 balance on-line.  Green informed the Densons that they could not enter the premises and that the bank had sent them a package with checks for the full amount of their accounts.  Green also gave them a customer service number that they could call for any questions they had about their accounts.  Denson retrieved the package from UPS on January 19, 2017.

On February 17, 2017, Denson sued JPMorgan, Farris, Green, and Ramirez, asserting claims for wrongful dishonor of check; conversion or, alternatively, money had and received; payment on forged signature and unauthorized withdrawal of

---

[1]     Denson had a joint savings account with her husband, Robert Denson, and a joint checking account with her sister, Shelia Dewalt Denson.

funds; breach of contract, breach of fiduciary duty, and breach of good faith and fair dealing; civil conspiracy/aiding and abetting; intentional infliction of emotional distress; common law fraud; negligence; and gross negligence. On February 5, 2018, Denson filed a "supplemental" petition, asserting claims under the United States and Texas Constitutions and alleging violations of the Fourth Amendment, the Fourteenth Amendment, and the right to privacy, and 42 U.S.C. § 1983.

After Denson asserted claims arising under federal law, JPMorgan removed the case to federal court based on federal question jurisdiction and moved for summary judgment on the federal law claims. Denson moved for leave to amend the complaint to assert a claim under 42 U.S. § 1981. Following a hearing, the federal court denied leave to amend, granted summary judgment as to the claims arising under federal law, and remanded the remaining state law claims to state court.

On December 28, 2018, JPMorgan filed a combined traditional and no-evidence motion for summary judgment on Denson's state law claims. The same day, Denson filed a response to the summary judgment motion and a reply in opposition. On January 17, 2019, JPMorgan filed its summary judgment reply. On January 18, 2019, the trial court granted summary judgment on traditional and no-evidence grounds on all of Denson's claims. This appeal followed.

## Summary Judgment

Denson challenges the trial court's grant of summary judgment on her causes of action for intentional infliction of emotional distress, breach of fiduciary duty, fraud, and breach of contract.

### A. Standard of Review

We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment motion, we must (1) take as true all evidence favorable to the nonmovant and (2) indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any one of the grounds is meritorious. *Beverick v. Koch Power, Inc.,* 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. Tex. R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one

5

essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Hahn,* 321 S.W.3d at 524; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

Where, as here, a trial court grants a summary judgment involving both no-evidence and traditional grounds, we ordinarily address the no-evidence grounds first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.). If a non-movant failed to produce evidence to defeat the motion for summary judgment, then we need not analyze whether the movant's summary judgment proof satisfied the less stringent "traditional" burden. *Id*. In addition, when, as here, the order granting summary judgment does not specify the grounds for the trial court's ruling, we must affirm the summary judgment if any of the theories presented to the

trial court and preserved for appellate review are meritorious. *Provident Life*, 128 S.W.3d at 216.

## B. Intentional Infliction of Emotional Distress

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Extreme and outrageous conduct is conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). "[H]einous acts . . . except in circumstances bordering on serious criminal acts . . . will rarely have merit as intentional infliction claims." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 818 (Tex. 2005).

In its summary judgment motion, JPMorgan argued that Denson's intentional infliction of emotional distress claim failed because Denson had no evidence of the elements of extreme and outrageous conduct or severe emotional distress. It asserted that JPMorgan acted pursuant to its legal rights under the DAA when it closed Denson's accounts and excluded her and her husband from the bank branch, and that

7

such conduct cannot be extreme and outrageous. It further argued that, even if its conduct was actionable, no claim for intentional infliction of emotional distress was available to Denson because she could assert other contract and tort theories.

The burden then shifted to Denson to come forward with more than a scintilla of evidence for each challenged element of her claim. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582 (explaining "burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion"). In her summary judgment response and "reply in opposition," Denson did not reference the elements that JPMorgan challenged on no-evidence grounds or identify any evidence supporting any of the elements. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[T]he response must point out evidence that raises a genuine issue of fact as to each challenged element."). Instead, she asserted generally that she "pleaded viable claims, each and all documented by admissible summary judgment evidence." To her summary judgment response, Denson attached the following: (1) the transcript from the federal court hearing; (2) changes to her deposition; (3) changes to Robert Denson's deposition; (4) plaintiffs' original petition and the following accompanying exhibits: (a) pages from the Texas Secretary of State's website related to JPMorgan's registered agent for service of process; (b) the January 13 letters from JPMorgan to Denson confirming the closing of Denson's accounts and notifying her

8

that she was prohibited from entering the premises of JPMorgan bank branches; (c) a January 27 letter from Denson's counsel to JPMorgan advising that Denson has retained counsel and requesting that JPMorgan preserve certain evidence; and (d) a copy of a check written by Denson to the tax-assessor collector, dated January 12, 2017, in the amount of $526.79; and (5) a portion of Dorsaneo's Texas Litigation guide. To her "reply in opposition," Denson attached several of the same exhibits enumerated above as well as a portion of an email chain between counsel discussing the scheduling of depositions.

In total, Denson attached nearly 300 pages of documents to her summary judgment response and reply but failed to cite to or otherwise direct the trial court to specific evidence supporting the challenged elements.[2] "A party submitting summary judgment evidence must specifically identify the supporting proof on file that it seeks to have considered." *Nguyen* v. *Allstate Ins. Co.,* 404 S.W.3d 770, 775 (Tex. App.—Dallas 2013, pet. denied) ("Merely citing generally to voluminous summary judgment evidence in response to either a no-evidence or traditional motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment."); *see also Amboree v. Bonton*, No. 01-14-00846-CV, 2015 WL 4967046, at *6 (Tex. App.—Houston [1st Dist.] Aug. 20, 2015, no pet.) (mem. op.)

---

[2]     Denson's pleadings are not competent summary-judgment evidence and cannot defeat summary judgment. *Cardenas v. Bilfinger TEPSCO, Inc.*, 527 S.W.3d 391, 401 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

(concluding non-movant failed to carry burden to produce evidence raising genuine issue of material fact on challenged elements of claims against defendants for tortious interference, fraud, and conspiracy where response to defendants' no-evidence summary judgment motion did not direct trial court to any evidence on challenged elements of her claims); *Hahn*, 321 S.W.3d at 524 ("The trial court must grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact."); *Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 868 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 73 S.W.3d 193 (Tex. 2002) (noting "general" assertions of existence of "genuine issues of material fact" inadequate); *Kastner v. Gutter Mgmt. Inc.*, No. 14-09-00055-CV, 2010 WL 4457461, at *3 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, pet. denied) (mem. op.) ("Blanket citation to voluminous records is not a proper response to a no-evidence motion for summary judgment."); *Leija* v. *Laredo Cmty. Coll.*, No. 04-10-00410, 2011 WL 1499440, at *5 (Tex. App.—San Antonio, Apr. 20, 2011, no pet.) (mem. op.) ("When a summary judgment respondent fails to direct the reviewing court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment.").

In her brief on appeal, Denson contends that "Rasheal Farris and Mary Green acted intentionally or recklessly to cause severe emotional distress on Appellants by intentionally closing Appellant's bank accounts which then totaled more than

10

$53,000 in collected good funds without notice and without reason. When Sandra and Robert Denson inquired about their accounts, Mary Green did not tell them on purpose to cause the emotional distress." Denson further contends that "she had 'flashbacks' since the incidents" and that Green and Farris "jointly tarnished and ruined Sandra Denson's reputation by making the above false accusations that Appellant Sandra Denson used foul language." Denson similarly fails to direct us to any evidence in the record or cite to any cases to support these allegations. *See Amboree*, 2015 WL 4967046, at *6; *Manautou v. Ebby Halliday Real Estate, Inc*., No. 05–13–01035–CV, 2015 WL 870215, at *3 (Tex. App.—Dallas Feb. 27, 2015, pet. denied) (mem. op.) ("When a trial court grants a no-evidence motion for summary judgment, in order to adequately challenge on appeal each possible ground for summary judgment, an appellant must cite the specific evidence in the record that it relied upon to defeat the motion and describe why that evidence raised a fact issue."); *Blake v. Intco Invs. of Tex., Inc*., 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) ("An appellant has a duty to show that the record supports her contentions."). "It is not our duty [on appeal] to sua sponte conceive of potential fact issues and then search the appellate record for evidence supporting their existence." *Amboree*, 2015 WL 4967046, at *7 (quoting *Daniel v. Webb*, 110 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, no pet.); see also *Bich Ngoc Nguyen v. Allstate Ins. Co*., 404 S.W.3d 770, 776–77 (Tex. App.—Dallas 2013, pet. denied)

11

("In the absence of any guidance from the non-movant where the evidence can be found, the trial and appellate courts are not required to sift through voluminous deposition transcriptions in search of evidence to support the non-movant's argument that a fact issue exists." (internal quotations omitted)); *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("[I]n determining whether a respondent to a no-evidence motion for summary judgment has sufficient evidence to raise a genuine issue of material fact, courts are not required to search the record without guidance." (internal quotations omitted)).

We conclude that Denson did not carry her burden to produce evidence raising a genuine issue of material fact on the challenged elements of her intentional infliction of emotional distress claim against JPMorgan. Accordingly, we hold that the trial court did not err in granting summary judgment in favor of JPMorgan on this claim.

## C. Breach of Fiduciary Duty

To prove breach of fiduciary duty, a plaintiff must establish that (1) a fiduciary relationship existed between the plaintiff and the defendant; (2) the defendant breached its fiduciary duty; and (3) the breach resulted in injury to the plaintiff or benefit to the defendant. *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

12

In its summary judgment motion, JPMorgan argued that Denson had no evidence of a fiduciary duty or damages caused by any breach. It asserted that it owed no duty to Denson regarding the accounts, which were general deposit accounts, because the relationship was only one of creditor/debtor. It further argued that the DAA authorizes the very actions that Denson claims constitute a breach of fiduciary duty.

The burden shifted to Denson to come forward with more than a scintilla of evidence for each challenged element. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582. Denson's summary judgment response and "reply in opposition" wholly failed to address JPMorgan's arguments. She did not address the challenged elements or point to any evidence supporting any of the challenged elements. *See Amboree*, 2015 WL 4967046, at *6; *San Saba Energy*, 171 S.W.3d at 331. A review of the summary judgment record reflects that the word "fiduciary" does not appear anywhere in either her summary judgment response or reply. *Mack Trucks*, 206 S.W.3d at 582.

In her brief on appeal, Denson addresses only one of the challenged elements, stating in a conclusory manner that "the Bank owed Sandra Denson and Robert Denson a fiduciary duty." As noted above, however, Denson did not make this argument to the trial court below. Denson also bore a burden in the trial court to identify evidence creating a fact issue on each challenged element of her breach of

fiduciary duty claim. Having failed to carry the burden, she may not now make the argument for the first time on appeal. *See City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) (stating non-movant must "expressly present to the trial court any reasons seeking to avoid movant's entitlement" to summary judgment and may not later assign them as error on appeal). Denson also does not address the element of damages in her brief on appeal. "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Having failed to carry her burden in response to JPMorgan's no-evidence motion, the trial court did not err in granting summary judgment on her breach of fiduciary duty claim. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582.

### D. Fraud

To prove fraud, a plaintiff must establish that (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker either knew it was false or made the statement without knowledge of the truth; (4) the speaker intended the representation to be acted upon; (5) the party acted in reliance upon the representation; and (5) the party suffered injury. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

14

In its summary judgment motion, JPMorgan argued that Denson had no evidence of a fraudulent misrepresentation, reliance, or damages. It asserted that the only alleged misstatement is that Denson's cash deposit contained $680, not $730—an issue that was resolved within minutes and before Denson left the bank branch on January 13, 2017. It further pointed to Denson's deposition testimony in which she admitted that she did not rely on the miscount because she knew the correct amount was $730.

Denson's summary judgment response and reply neither identify the challenged elements nor cite any evidence to support any of the elements. In fact, the word "fraud" appears in neither the response nor the reply. "A non-movant is required to expressly present in his response those issues he contends avoids the movant's entitlement to summary judgment." *Carter v. City of Garland*, No. 05-16-00903-CV, 2017 WL 2118785, at *2 (Tex. App.—Dallas May 16, 2017, no pet.) (mem. op.) (finding waiver because nonmovant "did not respond to this ground at all") (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (explaining that summary judgment motions and responses or answers to those motions must stand or fall on grounds expressly presented to trial court)).

In her brief on appeal, Denson addresses the fraud claim only against Farris and Green. She asserts that Farris and Green "made fraudulent accusations about Appellant, Sandra Denson us[ing] foul words and threatening behavior." Denson

did not make this argument in the trial court below and may not now make it for the first time on appeal. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678–79. Further, Denson does not address the elements of reliance or damages on appeal. Because summary judgment "may have been rendered, properly or improperly," on either or both grounds asserted in JPMorgan's motion, the judgment must be affirmed. *See Ellis*, 68 S.W.3d at 898; *McCoy v. Rogers*, 240 S.W.3d 267, 271 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (when summary judgment order does not specify grounds, the appellant must negate all grounds on appeal). The trial court did not err in granting summary judgment on Denson's fraud claim.

### E. Breach of Contract

Denson asserted claims for breach of contract (the DAA) and breach of an implied duty of good faith and fair dealing. The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A claim for breach of the duty of good faith and fair dealing is a tort action that arises from an underlying contract. *Saucedo v. Horner*, 329 S.W.3d 825, 831 (Tex. App.—El Paso 2010, no pet.). "Since its inception, the duty of good faith and fair dealing has only been applied to protect parties who have a special relationship based on trust or

16

unequal bargaining power." *GTE Mobilnet of S. Tex. Ltd. P'ship v. Telecell Cellular, Inc.*, 955 S.W.2d 286, 295 (Tex. App.—Houston [1st Dist.] 1997, writ denied) (quoting *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697 (Tex. 1994)). The relationship between a bank and its customers does not usually create a special or fiduciary relationship. *See Bosch v. Frost Nat'l Bank*, No. 01-14-00191-CV, 2015 WL 4463666, at *6 (Tex. App.—Houston [1st Dist.] July 21, 2015, no pet.) (mem. op.) (citing *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.—Houston [1st Dist.] 1996, no writ)).

In its summary judgment motion, JPMorgan argued that Denson had no evidence that (1) it breached any provision of the DAA because the contract allowed the closure of the accounts and (2) damages resulted. JPMorgan further asserted that no evidence of a confidential or special relationship exists from which a duty of good faith and fair dealing could arise because the relationship between JPMorgan and Denson was that of bank and general depositor.

Denson's summary judgment response fails to reference any of the elements challenged by JPMorgan in its no-evidence motion. In her summary judgment reply, Denson stated:

Among the causes of action pled and supported by more than a scintilla of admissible summary judgment evidence are:

1) Breaches of Contract (assuming arguendo that):

17

A) The Deposit Account Agreement (DAA) by and between Plaintiffs and Defendants are:

    a. Contracts of adhesion prepared solely by Bank—a question of law for this Court; or

    b. Not updated or noticed to Plaintiffs timely[.]

Denson's argument fails to identify any evidence of the elements of breach and damages challenged in JPMorgan's no-evidence motion, and she does not point to any evidence to support the existence of a confidential or special relationship. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582.

In her brief on appeal, Denson addressed her breach of contract claim in the following heading and sentence:

iii. Contract Claims: The DAA Is Unenforceable and Bank's Actions are Unauthorized Due To Lack of Notice To Plaintiffs

Bank breached their duty of good faith and fair dealing by never sending a copy of the Deposit Account Agreement (DAA) to Appellants before their accounts were closed.

Denson's brief fails to point to evidence of the challenged elements of her breach of contract claim. With regard to her claim for breach of the duty of good faith and fair dealing, she does not direct us to any evidence or authority to demonstrate that JPMorgan owed her such a duty. Indeed, the case law is to the contrary. *See Bosch*, 2015 WL 4463666, at *6 (concluding non-movant failed to adduce evidence of duty of good faith where "summary-judgment evidence fails to demonstrate anything more than a bank-customer or lender-borrower relationship"); *Eller v. NationsBank*

18

*of Texas, N.A.*, 975 S.W.2d 803, 809 (Tex. App.—Amarillo 1998, no pet.) (noting that relationship between bank and its depositor is one of debtor and creditor which Texas Supreme Court has recognized is not sufficiently special to impose duty of good faith upon its parties).

Because Denson failed to carry her burden of establishing a fact issue regarding the challenged elements of her breach of contract and breach of the duty of good faith and fair dealing claims, the trial court properly granted summary judgment on those claims. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582.

## State Constitutional Claims

Denson asserts that the constitutional claims in her supplemental petition are valid claims and have been fully pled and are pending a ruling by this Court.[3] Those

---

[3] In her supplemental petition, Denson also alleged claims under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. In its December 10, 2018 order, the federal district court granted summary judgment to JPMorgan on Denson's federal constitutional claims after concluding that "Defendants are purely private actors whose conduct is not fairly attributable to the state" as is required to bring a suit under § 1983. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (stating plaintiff may bring suit under 42 U.SC. § 1983 if plaintiff suffers constitutional violation by state actor acting under color of state law). Therefore, we address only Denson's state constitutional claims which were remanded to the trial court.

claims allege violations of sections 3, 3a, and 9 of the Texas Constitution's Bill of Rights.[4]

In its no-evidence motion, JPMorgan argued that Denson's state constitutional claims were barred because the Texas Bill of Rights provides no private cause of action for damages against a private defendant, and no evidence exists that the bank is a state actor or that it violated a constitutional provision. In support of its argument, JPMorgan cited the federal court's December 10, 2018 order: "The Court finds Defendants are purely private actors whose conduct is not fairly attributable to the state." Denson did not address these claims in either her summary judgment response or her reply. Because she failed to do so, Denson waived these claims. *See Carter*, 2017 WL 2118785, at \*2; *Amboree*, 2015 WL 4967046, at \*6.[5]

---

[4]     *See* TEX. CONST. art. 1, § 3 ("All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.); *id.* § 3a ("Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative."); *id.* § 9 ("The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.").

[5]     In her brief, Denson states that she pleaded and/or timely moved to plead a cause of action under 42 U.S.C. § 1981 but that the federal court did not rule on the claim, and that the claim is pending and ripe for decision by this Court. The record, however, shows that Denson never pleaded such a claim. Although Denson sought leave to plead a § 1981 claim in federal court, her motion for leave was denied, and Denson did not seek to amend following remand.

## Spoliation

In her brief, Denson devotes a significant portion of her argument to the issue of spoliation. She contends that JPMorgan intentionally and/or negligently failed to preserve certain evidence.

In her summary judgment reply, Denson complained that JPMorgan intentionally spoliated evidence that she had requested that the bank preserve. She stated that "[w]hile [spoliation is] not a cause of action, such is actionable per *Trevino v. Ortega*, 969 S.W.2d 950, 956 (1998); and in instructions to the Jury: see *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 14 (2014)." However, Denson did not argue spoliation as a basis on which to deny summary judgment in either her response or reply before the trial court. "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal [of summary judgment]." TEX. R. CIV. P. 166a(c). Therefore, we cannot consider her argument on appeal as grounds for reversal. *See id.*; *Clear Creek Basin Auth.*, 589 S.W.2d at 678–79.

Accordingly, we overrule Denson's issues.

## Conclusion

We affirm the trial court's judgment. Any pending motions are dismissed as moot.

21

Russell Lloyd
Justice


Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.